**Leroy PLAISTED, and Dean Plaisted, Appellants,**

v.

**AMCO INSURANCE COMPANY, and Eastern Missouri Commission Company, Respondents.**

No. ED 96870.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 24, 2012.

Rehearing Denied March 1, 2012.

E. Ryan Bradley, The Bradley Law Firm, L.L.C., Clayton, MO, Chad M. De-Roode, Page Law, LLC, St. Louis, MO, for Appellants.

John F. Cooney, Kevin E. Myers, Danna McKitrick, P.C., St. Louis, MO, for Respondent Amco Insurance Company.

D. Keith Henson, Michael E. Bub, Paule, Camazine & Blumenthal, P.C., St. Louis, MO, for Respondent Eastern Missouri Commission Company.

Before: Kurt S. Odenwald, C.J., Glenn A. Norton, J., and Michael D. Burton, Sp. J.

*ORDER*

PER CURIAM.

Dean and Leroy Plaisted (Appellants) appeal from the trial court's order granting summary judgment in favor of AMCO Insurance Company (AMCO) and Eastern Missouri Commission Company (EMCC). Appellants were seriously injured when their vehicle was struck broadside as they exited EMCC's private driveway onto a local highway. Appellants brought a negligence action against AMCO seeking uninsured motorist benefits under a theory that the owner of a vehicle parked on the shoulder of the highway breached a duty to Appellants to refrain from parking in a manner that obstructed their view of vehicles traveling on the highway. Appellants also asserted an action in negligence against EMCC, alleging that EMCC breached a duty to prevent vehicles from parking along the shoulder of the adjacent highway in a manner that obscured the view of vehicles exiting EMCC property. The trial court granted summary judgment to both AMCO and EMCC. Because the record contains no evidence that the vehicle parked on the shoulder of the highway caused Appellants' accident, and because EMCC did not owe Appellants any duty with regard to vehicles lawfully parking on a public roadway, we affirm the trial court's entry of summary judgment.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b)(5).